Keith A. Custis
  kcustis@custislawpc.com
CUSTIS LAW, P.C.
1875 Century Park East, Suite 700
Los Angeles, California 90067
(213) 863-4276

Ashley Keller (*pro hac vice forthcoming*)
  ack@kellerlenkner.com
Travis Lenkner (*pro hac vice forthcoming*)
  tdl@kellerlenkner.com
Tom Kayes (*pro hac vice forthcoming*)
  tk@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

Warren Postman (*pro hac vice forthcoming*)
  wdp@kellerlenkner.com
KELLER LENKNER LLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334

*Attorneys for Petitioners*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| VICTORIA ABARCA, et al.,<br><br>    *Petitioners*,<br><br> v.<br><br>LYFT, INC.,<br><br>    *Respondent*. | Case No. 3:18-cv-7502<br><br>**PETITION FOR ORDER COMPELLING ARBITRATION** |

1. Petitioners file this Petition for an Order Compelling Arbitration against Respondent Lyft, Inc. ("Lyft") as follows:

### NATURE OF THE PETITION

2. Petitioners are 3,420 Lyft drivers who are attempting to arbitrate their individual claims against Lyft for misclassifying them as independent contractors rather than employees. Along with related claims arising under California law, Petitioners have brought claims for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207. Petitioners' names and locations are attached to this Petition as Exhibit A.

3. On October 26, 2018, counsel served demands for 1,123 of Petitioners on Lyft and the American Arbitration Association ("AAA"). Counsel served an additional 471 demands on November 2, 2018, and the remaining 2,067 demands on December 7, 2018.

4. As to the first 1,123 demands for arbitration, Lyft failed to pay the filing fees necessary to commence arbitration by the deadline imposed by AAA. As to the remaining arbitration demands, AAA will not invoice the filing fees necessary to commence those arbitrations until Lyft pays its initial invoice. As a result of Lyft's failure to pay the filing fees as required by its contract, Petitioners are prevented from accessing the sole forum in which they are able to raise their claims.

5. Petitioners have filed this Petition to enforce the arbitration provision contained in Lyft's Terms of Service.

### PARTIES

6. Petitioners are Lyft drivers who drive in California and Massachusetts. Details for each Petitioner are listed in Exhibit A.

7. Respondent is a Delaware corporation headquartered at 185 Berry Street, Suite 5000, San Francisco, California 94107.

### JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 9 U.S.C. § 4 and 28 U.S.C. §§ 1331, 1367 because the underlying controversy involves claims arising under federal law.

9. This Court has personal jurisdiction over Lyft because Lyft has its headquarters and

principal place of business in California.

10. Venue is proper in this district (San Francisco Division) pursuant to 9 U.S.C. § 4 and 28 U.S.C. § 1391(b) because the Defendant is headquartered in San Francisco County, conducts business in San Francisco County, and many of the acts and omissions complained of occurred in San Francisco County.

**INTRADISTRICT ASSIGNMENT**

11. This action is properly assigned to the San Francisco Division of this District, pursuant to Civil Local Rule 3-2(c) and (d), because a substantial part of the events or omissions that give rise to the claim occurred in San Francisco County, which is served by the San Francisco Division.

**FACTS**

**A.   Petitioners Engage In Pre-Arbitration Negotiation With Lyft**

12. Petitioners are Lyft drivers whom Lyft misclassifies as independent contractors in violation of federal and state law.

13. Lyft imposes Terms of Service on its drivers that require all parties to those Terms to bring any claim arising from the agreement in individual arbitration with the AAA. *See* Lyft Terms of Service, *available at* https://www.lyft.com/terms. The Terms further require that any disputes related to those claims also be brought individually. The Terms do not permit any class or consolidated proceedings.

14. Lyft has repeatedly enforced this broad arbitration agreement to preclude drivers from filing claims against it in court.

15. Under the AAA employment fee schedule, which AAA has applied to Petitioners' claims, Lyft is required to pay a filing fee of $1,900 for each demand, as well as a case management fee of $750 for each demand. Lyft also must pay arbitrator compensation.

16. Claimants in AAA employment arbitrations generally must pay a filing fee of $300 to commence arbitration. Because of their income levels, however, the large majority of Petitioners qualify for a fee waiver from AAA.

17. On September 14, 2018, Petitioners' counsel contacted Lyft to inform it that

Petitioners planned to file demands for arbitration. Counsel offered to discuss resolving Petitioners' claims in an alternative manner.

18. After several rounds of discussions, the parties were unable to agree on an alternative process.

### B. Petitioners File Demands for Arbitration

19. Pursuant to Lyft's Terms of Service, Petitioners began filing demands for arbitration on October 26, 2018.

20. In a conversation with Petitioners' counsel on November 2, 2018, a representative of AAA said she would attempt to schedule a conference call with Lyft's counsel within the following week to discuss administering the arbitrations.

21. After Lyft failed to agree to a conference call, on November 8, 2018, AAA sent an invoice to Lyft requiring it to pay the filing fees necessary to commence arbitration for the first 1,123 claimants. AAA set December 10, 2018 as the deadline for Lyft's payment.

22. In a later conversation with Petitioners' counsel, a representative of AAA said AAA would not invoice Lyft for filing fees for the remaining arbitrations until Lyft paid the initial invoice.

### C. Lyft Files Tort Lawsuit Against Petitioners' Counsel, Asks AAA To Suspend Administration of Arbitrations, and Fails To Pay Filing Fees

23. On November 16, 2018, Lyft responded to Petitioners' arbitration demands by filing a tort lawsuit against Petitioners' counsel in the U.S. District Court for the Northern District of California, seeking money damages and an injunction to stop counsel from representing Petitioners in their arbitrations. That lawsuit is captioned *Lyft, Inc. v. Postman*, No. 3:18-cv-06978-EMC. In that lawsuit, Lyft asserted that Petitioners' counsel have a conflict of interest that prevents them from representing Petitioners in their arbitrations.

24. Lyft's arbitration agreement requires Lyft to raise "any dispute relating to" wage-and-hour claims, incuding any dispute about who can litigate those claims, in arbitration. *See* Lyft Terms of Service § 17, *available at* https://www.lyft.com/terms. Although Lyft could have filed motions to disqualify Petitioners' counsel in arbitration, it filed its tort lawsuit against Petitioners'

1  counsel instead.

2      25.    Lyft then attempted to parlay its lawsuit into a suspension of Petitioners' arbitrations. On November 30, 2018, Lyft filed an *ex parte* request with AAA asking it to suspend administration of Petitioners' arbitrations in light of *Lyft v. Postman*. When AAA declined to strip Petitioners of their contractual right to arbitration, Lyft refused to pay the filing fees by AAA's deadline of December 10, 2018.

    26.    On December 11, 2018, after already having failed to pay AAA's fees as required, Lyft sent another letter to AAA, claiming it should not have to pay any filing fees until Petitioners satisfied two conditions not contained in Lyft's Terms of Service. First, Lyft stated that it needed to know how Petitioners' counsel "plans to litigate" the arbitrations. Second, Lyft asserted that Petitioners' counsel must first "identify now what counsel would take over" in the event Petitioners' counsel were prohibited from representing them. Subject to those conditions, Lyft stated that it was willing to "meet and confer" regarding arbitrating claims for a small subset of Petitioners, but that it would only be willing to pay the filing fees necessary to commence "those arbitrations that will proceed."

## PRAYER FOR RELIEF

WHEREFORE, Petitioners respectfully request that the Court:

    27.    Enter an Order requiring that,

- Lyft shall pay, within 30 days of the Court's Order, the arbitration filing fees for all of Petitioners' arbitration demands so that Petitioners' arbitrations may commence; and
- Lyft shall pay future invoices related to Petitioners' arbitrations within 14 days of receipt of those invoices;

    28.    Award such other and further relief as the Court deems just and proper.

Dated: December 13, 2018

Respectfully submitted,

/s/ Keith A. Custis
Keith A. Custis
  kcustis@custislawpc.com
CUSTIS LAW, P.C.
1875 Century Park East, Suite 700
Los Angeles, California 90067
(213) 863-4276

Ashley Keller (*pro hac vice forthcoming*)
  ack@kellerlenkner.com
Travis Lenkner (*pro hac vice forthcoming*)
  tdl@kellerlenkner.com
Tom Kayes (*pro hac vice forthcoming*)
  tk@kellerlenkner.com
KELLER LENKNER LLC
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

Warren Postman (*pro hac vice forthcoming*)
  wdp@kellerlenkner.com
KELLER LENKNER LLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334

*Attorneys for Petitioners*

**CERTIFICATE OF SERVICE**

I certify that I shall cause the foregoing document to be served on Lyft, Inc. at its headquarters at 185 Berry Street, Suite 5000, San Francisco, California 94107.

Dated: December 13, 2018.

/s/ Keith A. Custis