# Exhibit C



Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Jo W. Golub**
(415) 773-6691
jgolub@keker.com

November 30, 2018

**VIA ELECTRONIC MAIL**

Jonathan Weed
Director of ADR Services
American Arbitration Association
1301 Atwood Avenue, Suite 211N
Johnston, RI  02919
JonathanWeed@adr.org

Re:    Lyft, Inc.

Dear Mr. Weed,

I write to follow up on James Slaughter's October 31, 2018 email regarding the arbitration demands filed with AAA, against Lyft, Inc., by the Keller Lenkner firm.  In Mr. Slaughter's email, and as he discussed with you in October, Keller Lenkner has a conflict that precludes the firm from representing any person or entity against Lyft on any driver classification issues, including the arbitration demands filed by the Keller Lenkner with the AAA.

On November 16, 2018, Lyft filed a complaint against Warren Postman and Keller Lenkner in the United States District Court for the Northern District of California.  The complaint generally alleges that Lyft shared confidential attorney-client communications and core work product regarding worker classification issues with Mr. Postman pursuant to an explicit common interest agreement.  Mr. Postman and his firm Keller Lenkner are now litigating substantially related matters against Lyft by filing the arbitration demands with the AAA alleging that Lyft misclassified certain drivers as independent contractors rather than employees.  Pursuant to settled California law, Mr. Postman and Keller Lenkner must be disqualified from representing any client against Lyft on classification issues.  Lyft's complaint seeks a declaration to this effect, as well as permanent injunctive relief and damages.  Lyft also filed a motion for a preliminary injunction seeking an order precluding Mr. Postman and Keller Lenkner from representing any client against Lyft on classification issues pending a trial on the merits of Lyft's tort claims.  Pursuant to a stipulated schedule with Mr. Postman and Keller Lenkner, the preliminary injunction motion will be heard in January 2019.

Jonathan Weed                                          **VIA ELECTRONIC MAIL**
November 30, 2018
Page 2

Until the court considers Lyft's claims, it would be inappropriate to proceed with administering the arbitration demands filed by the Keller Lenkner firm.  Lyft and the driver claimants are entitled to a fair process, untainted by conflict – a conflict that could be the basis for an appeal of any arbitration rulings.  Quite simply, the threshold matter of Keller Lenkner's disqualification must be decided before any claim may properly proceed.

Lyft looks forward to proceeding with these matters after the court considers Lyft's claims.  Lyft reserves all its rights.

Very truly yours,

Jo W. Golub

JWG:srg