# Exhibit D

# Keller | Lenkner

December 6, 2018

Mr. Jonathan Weed — JonathanWeed@adr.org
Director of ADR Services
American Arbitration Association
1301 Atwood Ave., Suite 211N
Johnston, RI 02919

VIA ELECTRONIC DELIVERY

Re:     Lyft, Inc.

Dear Mr. Weed:

I write in response to your email of December 3, 2018, requesting a response to the *ex parte* letter you received from Jo Golub, counsel for Lyft, Inc., dated November 30, 2018.

Lyft's conclusory assertions that Keller Lenkner has a conflict of interest are wrong. Keller Lenkner has no conflict. Regardless, an exchange of letters with you is not the place to litigate that issue.

Lyft does not and cannot dispute that Claimants have a contractual right to arbitrate their claims before a AAA neutral. Under Lyft's broad arbitration clause and settled legal precedent, the related question of who may represent Claimants in arbitration also must be decided by the arbitrator. *See* Lyft Terms of Service, *available at* https://www.lyft.com/terms (agreeing to arbitrate "any dispute . . . relating to" various claims, including wage-and-hour claims).[1] Indeed, Uber is currently involved in misclassification arbitrations with Keller Lenkner clients, and it has conceded this point under its comparable arbitration clause. Moreover, the question of whether disqualification belongs before an arbitrator, as opposed to a court, *itself* must be decided by an arbitrator under the delegation clause in the parties' contract. *See* Lyft Terms of Service (providing that "[a]ll disputes . . . including disputes about the scope . . . of the Arbitration Agreement[] shall be decided by the arbitrator").

For AAA to decide disqualification issues as an administrative matter—or for it to delay proceeding with Claimants' arbitration demands based on the specter of disqualification issues that might arise in those arbitrations—would prejudge questions that are the subject of arbitration and must be decided by the arbitrator. As Lyft states, Lyft and Claimants are entitled to a "fair" and "untainted"

---

[1] *See also, e.g.*, *Fiscal Funding Co. v. Dones*, No. A135451, 2014 WL 7102624, at *5 (Cal. Ct. App. Dec. 15, 2014) (rejecting as "dubious" the argument that a AAA arbitrator exceeded his authority by hearing a disqualification motion and disqualifying an attorney); *Meyers v. Fitzgerald*, No. H032605, 2009 WL 3981552, at *1 (Cal. Ct. App. Nov. 19, 2009) (granting a petition to compel arbitration and deferring the parties' cross-motions to disqualify counsel to the arbitrator for decision); *Cagno v. Soukoulis*, No. H028805, 2006 WL 1016157, at *3 (Cal. Ct. App. Apr. 19, 2006) ("Whether the arbitrator disqualifies [counsel] does not turn on the result we reach, but on his or her own evaluation of the case."); *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 815–16 (N.D. Cal. 2004) (considering a disqualification motion for purposes of proceedings before the court but emphasizing that the "Court recognizes that its determination of this matter will have no force outside of its jurisdiction and that the [arbitratal body] will apply its own conflict [of interest] rules").

# Keller | Lenkner

process. Achieving that aim requires respecting the process set out in the parties' contract. Under that process, Lyft can raise arguments for disqualification before an arbitrator prior to any litigation on the substance of Claimants' claims, just as it would if it were making such a motion in court.

Lyft's suggestion that its tort suit against Keller Lenkner precludes Claimants from even *commencing* arbitration is contrary to judicial precedent and Claimants' contractual rights. AAA should reject Lyft's bid for delay, for at least two reasons:

First, although Lyft's lawsuit seeks to have Keller Lenkner disqualified from Claimants' arbitrations, Lyft is unlikely to obtain that relief in federal court. The judge presiding over Lyft's lawsuit against Keller Lenkner has previously held that attorney disqualification issues in arbitration are reserved for arbitrators, and that the relief Lyft seeks is likely beyond the authority of a court. *See O'Connor v. Uber Techs., Inc*., No. 13-cv-03826-EMC, 2017 WL 3782101, at *7–8 (N.D. Cal. Aug. 31, 2017) (Chen, J.) (denying request to disqualify counsel in arbitrations, reasoning not only that arbitrators have authority to decide disqualification, but also that the "Court has serious questions about its authority" to disqualify counsel in arbitration proceedings).

Second, and more fundamentally, Lyft's lawsuit against Keller Lenkner does not seek a stay of Claimants' arbitrations. (Lyft knows it has no credible basis to seek that relief.) Even if Lyft obtained all the relief it seeks against Keller Lenkner in federal court, that would in no way operate as an injunction against AAA or Claimants. It would not impede Claimaints' right to a speedy and efficient arbitral process. Therefore, Lyft has no basis to argue that it is somehow "inappropriate to proceed with administering the arbitration demands" filed by Claimants.

If Keller Lenkner is disqualified, whether through arbitral decisions or judicial orders, then replacement counsel will represent Claimants. Regardless of the identity of their counsel, Claimaints have every right to demand that Lyft honor its contract so AAA can empanel arbitrators without delay. The notion that simply requiring Lyft to commence arbitration on the normal AAA schedule—with Lyft retaining the right to seek disqualification of Keller Lenkner before an arbitrator—"could be the basis for an appeal of any arbitration rulings" is unsupported and ridiculous. Lyft's request should be seen for what it is: an attempt to evade its obligation to pay $2,133,700 in filing fees by December 10, 2018, as required by its contract with Claimants.

Lyft has not sought judicial intervention to stay any proceedings before AAA. Unless and until a court of competent jurisdiction over AAA issues an order that halts arbitral proceedings, AAA must apply the process it applies to all arbitration demands, including observing pending deadlines and issuing invoices for filing fees in the normal course. If Lyft wants to raise arguments about conflicts, it can raise them with the arbitrators.

Sincerely,

*Ashley Keller*

Ashley C. Keller

cc:     Jo Golub — jgolub@keker.com
        R. James Slaughter — rslaughter@keker.com