# Exhibit F



Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**R. James Slaughter**
(415) 773-6623
rslaughter@keker.com

December 11, 2018

**VIA ELECTRONIC MAIL**

Jonathan Weed
Director of ADR Services
American Arbitration Association
1301 Atwood Avenue, Suite 211N
Johnston, RI  02919
JonathanWeed@adr.org

Re:   Lyft, Inc.

Dear Mr. Weed,

I write with respect to the demands for arbitration filed against Lyft by the Keller Lenkner firm. We respectfully disagree with the AAA's decision to proceed with administering these arbitrations given Keller Lenkner's conflict of interest and the pending federal court motion to enjoin Keller Lenkner from representing claimants in these actions.  Nevertheless, I write now to address how the AAA intends to administer the arbitrations and how that plan impacts Keller Lenkner's conflict.  We think the parties and the AAA need to meet and confer regarding precisely how the AAA intends to administer these actions.

Earlier this fall you told me that after consulting with claimants' counsel, the AAA intended to proceed with a "few hundred" of the arbitrations while holding the remaining arbitrations in abeyance.  At the time, you told me that the AAA intended to invoice Lyft just for those arbitrations that were proceeding.  More recently you told me that the AAA now intends to proceed with all the arbitrations "simultaneously."  We are concerned that simultaneously proceeding with 3,660 arbitrations would present challenges, and Lyft would like to understand how the AAA intends to administer these actions and how the Keller Lenkner firm of approximately eight attorneys plans to litigate them on the schedule Keller Lenkner has proposed.  Candidly, it is our view that Keller Lenkner's proposal is designed to cause a breakdown in the administration and timely adjudication of the claims they have filed.  The AAA ought not allow its procedures to be hijacked for strategic advantage in this manner.

Moreover, Keller Lenkner does not dispute that the conflict of interest described in Lyft's complaint and preliminary injunction motion would preclude them from representing claimants in the arbitrations they have now demanded.  Rather, Keller Lenkner asks the AAA to ignore the

1313563

Jonathan Weed  VIA ELECTRONIC MAIL
December 11, 2018
Page 2

issue and proceed as if no conflict exists and suggests that some other unnamed counsel will represent claimants if and when Keller Lenkner is enjoined from representing these claimants. That is neither efficient nor necessary. At a minimum, Keller Lenkner ought to identify now what counsel would take over and how it intends to litigate the arbitrations it has demanded on the schedule that Keller Lenkner has proposed.

Let me be clear: Lyft is prepared to pay now the filing fees for those arbitrations that will proceed.[1] But, as your suggestion from earlier this fall indicates, Lyft ought not be invoiced for arbitrations that are not yet proceeding. Keller Lenkner will undoubtedly try to suggest that Lyft is attempting to evade paying those fees. Not so. Indeed, Lyft is prepared to pay the fees of those arbitrations that are actually proceeding and is willing to meet and confer to discuss a payment schedule that makes sense based on the planned administration of these actions. But administering 3,660 arbitrations simultaneously is no small task, and the parties ought to discuss the relevant issues up front.

Very truly yours,

R. James Slaughter

RJS:srg

cc:  Ashley Keller
     Candace Bertoldi

---

[1] Payment of any arbitration fees may not be construed as a waiver of any arguments Lyft has with respect to Keller Lenkner's conflict of interest, all of which are preserved.

1313563