# Exhibit H

# Keller | Lenkner

October 26, 2018

**Via Email**

Mr. R. James Slaughter
Ms. Rachel E. Meny
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111
rslaughter@keker.com
rmeny@keker.com

Re:   California Demands for Arbitration

Dear Mr. Slaughter & Ms. Meny:

The individual California claimants identified on the attached spreadsheet hereby demand arbitration against Lyft, Inc. Claimants are all California Lyft drivers. Lyft misclassified them as independent contractors. This demand is made under Lyft's arbitration agreement with its drivers, copies of which are available on Lyft's website. All claimants demand arbitration under Lyft's arbitration agreement.

## 1.    Arbitration Fees

The arbitration agreement provides that claimants are "responsible for contributing up to an amount equal to the filing fee that would be paid to initiate the claim in the court of general jurisdiction in the state in which you provide Services to Riders, unless a lower fee amount would be owed by you pursuant to the AAA Rules, applicable law, or subsection (e)(1) above." Agrmt. § 17(e)(3).  Under AAA Rules, the fee due is $300. To file these claims in California would cost $435. Accordingly, each claimant that does not qualify to submit a income-based fee waiver owes a $300 filing fee. Claimants' counsel will pay that amount for every claimant that has not submitted a fee waiver.

## 2.    Brief Explanation of the Dispute and Requested Relief

This is an employee misclassification case. Lyft misclassifies claimants as independent contractors. Claimants are actually Lyft's employees under California law. Lyft has not paid claimants consistently with its legal

# Keller | Lenkner

obligations. Each claimant demands arbitration of the following claims arising from Uber's misclassification:

- Failure to pay minimum wage and overtime under the federal Fair Labor Standards Act

- Failure to pay minimum wage under California Labor Code §§ 1182.12, 1194, 1194.1, 1197, 1198 & Industrial Welfare Commission Wage Order 9-2001

- Failure to pay overtime under Labor Code § 510 & Wage Order 9-2001

- Failure to provide an itemized wage statement under Labor Code § 226

- Failure to provide paid sick time under Labor Code § 246

- Failure to conduct background checks in compliance with California Civil Code §§ 1786.1-1786.60

- Violation of California Business & Professions Code § 17200

- Violation of the following local ordinances as shown to be applicable as a result of a claimant working 2 hours in a given workweek within the relevant municipality:

    o Berkeley Municipal Code Chs. 13.99 & 13.100
    o Cupertino Municipal Code Ch. 3.37
    o El Cerrito Municipal Code Ch. 6.95
    o Emeryville Municipal Code Ch. 37
    o Los Altos Municipal Code Ch. 3.50
    o Los Angeles Municipal Code Ch. XVIII
    o Los Angeles County Code Chs. 8.100, 8.101
    o Mountain View City Code Ch. 42
    o Oakland Municipal Code Ch. 5.92
    o Palo Alto Municipal Code Ch. 4.62
    o Pasadena Code of Ordinances Ch. 5.02
    o Richmond Municipal Code Ch. 7.108

# Keller | Lenkner

- o San Diego Municipal Code Ch. 3, Art. 9
- o San Francisco Administrative Code Chs. 12R, 12W
- o San Jose Municipal Code Ch. 4.100
- o San Leandro Municipal Code Ch. 4-35
- o San Mateo Municipal Code Ch. 5.92
- o Santa Clara City Code Ch. 3.20
- o Santa Monica Municipal Code Ch. 4.62
- o Sunnyvale Municipal Code Ch. 3.80

Each claimant seeks all available remedies for these claims including damages, liquidated damages (including where cumulative under local ordinances), punitive damages, civil and statutory penalties (including where cumulative under local ordinances), prejudgment interest, injunctive relief, and attorneys' fees and costs.

## 3.    Names and Addresses

The names and addresses of the claimants appear on the attached spreadsheet. Claimants are represented by Warren Postman, Tom Kayes, and Michelle Camp of Keller Lenkner LLC. The main office of Keller Lenkner is located 150 North Riverside Plaza, Suite 4270, Chicago, Illinois 60606.

Lyft, Inc. is located at 185 Berry Street, Suite 5000, San Francisco, California 94107.

## 4.    Amount in Dispute

Claimants are individually unable to state the amount of their claims. The value of their claims depends on the specifics of when and how much they drove for Lyft. Lyft is in possession of this information in sufficient detail to calculate each claimant's damages.



October 26, 2018
Page 4 of 5

## 5.     Desired Location of Hearing

Claimants desire hearings, if any, in convenienet locations. Claimants propose hearings in the cities noted on the attached spreadsheet.

\*     \*     \*

Respectfully submitted,

*Warren D. Postman*

Warren Postman
Partner
*Attorney for Claimants*

Enclosures



October 26, 2018
Page 5 of 5

## Proof of Service

On October 26, 2018, I caused the foregoing document to be served via the below-indicated methods on the below-indicated individuals.

Mr. R. James Slaughter
Ms. Rachel E. Meny
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111
rslaughter@keker.com
rmeny@keker.com

/s/ Tom Kayes_____
Tom Kayes