# Exhibit I

# Keller | Lenkner

October 26, 2018

**Via Email**

Mr. R. James Slaughter
Ms. Rachel E. Meny
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111
rslaughter@keker.com
rmeny@keker.com

  Re: Massachusetts Demands for Arbitration

Dear Mr. Slaughter & Ms. Meny:

  The individual Massachusetts claimants identified on the attached spreadsheet hereby demand arbitration against:

- Lyft, Inc.
- John Zimmer, President
- Logan Greene, CEO
- Chris Lambert, CTO
- Jon McNeill, COO
- Raj Kapoor, Chief Strategy Officer
- Tyler George, General Manager, New England

Claimants are all Lyft drivers. Lyft misclassified them as independent contractors. This demand is made under Lyft's arbitration agreement with its drivers, copies of which are available on Lyft's website. All claimants demand arbitration under Lyft's arbitration agreement.

  **1.** **Arbitration Fees**

  The arbitration agreement provides that claimants are "responsible for contributing up to an amount equal to the filing fee that would be paid to initiate the claim in the court of general jurisdiction in the state in which you provide Services to Riders, unless a lower fee amount would be owed by you pursuant to the AAA Rules, applicable law, or subsection (e)(1) above." Agrmt. § 17(e)(3). Under AAA rules, the fee due is $300. To file these claims

# Keller | Lenkner

October 26, 2018
Page 2 of 4

in Massachussetts would cost $240. Accordingly, each claimant that does not qualify to submit an affidavit of indigency owes a $240 filing fee. Claimants' counsel will pay that amount for every claimant that has not submitted a fee waiver.

## 2. Brief Explanation of the Dispute and Requested Relief

This is an employee misclassification case. Lyft misclassifies claimants as independent contractors. Claimants are actually Lyft's employees and therefore entitled to minimum wage, overtime, and other benefits under Massachusetts law. Lyft has not paid claimants consistently with its legal obligations. Claimants seek relief under the federal Fair Labor Standards Act, M.G.L. c. 149 §§ 148B, 148C, 150, and 151 and assert an entitlement to damages, liquidated damages, prejudgment interest, injunctive relief, and attorneys' fees and costs.

## 3. Names and Addresses

The names and addresses of the claimants appear on the attached spreadsheet. Claimants are represented by Warren Postman, Tom Kayes, and Michelle Camp of Keller Lenkner LLC. The main office of Keller Lenkner is located 150 North Riverside Plaza, Suite 4270, Chicago, Illinois 60606.

Lyft, Inc. is located at 185 Berry Street, Suite 5000, San Francisco, California 94107.

## 4. Amount in Dispute

Claimants are individually unable to state the amount of their claims. The value of their claims depends on the specifics of when and how much they drove for Lyft. Lyft is in possession of this information in sufficient detail to calculate each claimant's damages.



October 26, 2018
Page 3 of 4

**5.    Desired Location of Hearing**

Claimants desire hearings, if any, in convenienet locations. Claimants propose hearings in the cities noted on the attached spreadsheet.

* * *

Respectfully submitted,

*Warren D. Postman*

Warren Postman
Partner
*Attorney for Claimants*

Enclosures



October 26, 2018
Page 4 of 4

## Proof of Service

On October 26, 2018, I caused the foregoing document to be served via the below-indicated methods on the below-indicated individuals.

Mr. R. James Slaughter
Ms. Rachel E. Meny
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111
rslaughter@keker.com
rmeny@keker.com


/s/ Tom Kayes_____
Tom Kayes